UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINIQUE AVINGTON,

                Petitioner,

     v.

JASON BENNETT,

                Respondent.

Case No. 3:24-cv-05749-LK-TLF

ORDER DENYING APPOINTMENT OF COUNSEL

This matter comes before the Court on petitioner's motion to appoint counsel. Dkt. 12. For the reasons discussed below, the Court DENIES petitioner's motion (Dkt. 12).

Petitioner requests the appointment of counsel contending that he cannot afford an attorney, and that his petition raises complicated issues that are "above his knowledge to adequately present to this Court[.]" *Id*.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. See *Nevins v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. See *Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary

hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal citation and quotation marks omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

The Court finds that this matter does not present exceptional circumstances supporting the appointment of counsel. The issues presented in the petition are not particularly complex, and petitioner has effectively articulated his claims about the allegedly erroneous denial of a lesser included offense jury instruction and different legal theories for conviction. Petitioner's inability to afford an attorney and lack of legal expertise are challenges faced by any *pro se* petitioner and do not present exceptional circumstances. Finally, petitioner has not shown at this point a likelihood of success on the merits and the Court has not recommended an evidentiary hearing.

//

//

//

ORDER DENYING APPOINTMENT OF COUNSEL - 2

The Court finds that petitioner has not shown that appointment of counsel is appropriate. Accordingly, the petitioner's motion for the appointment of counsel (Dkt. 12) is denied.

Dated this 30th day of September, 2025.

Theresa L. Fricke
United States Magistrate Judge